# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00320-CV

**John Koo-Hyun Kim, Appellant**

**v.**

**Austin Community College; Stephen B. Kinslow, as President of Austin Community College; Greg Abbott, Attorney General of Texas; Representative Jaime Valdez; and Myra McDaniel, as Attorney for Austin Community College, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GN-07-000586, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Koo-Hyun Kim filed a notice of appeal, apparently seeking to appeal from the trial court's order granting appellees' motions for a continuance of a June 4, 2007 trial setting. Because we lack jurisdiction over this interlocutory appeal, we dismiss the cause for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Generally, courts of appeals may only exercise jurisdiction over appeals from final orders or judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."). There are certain statutory exceptions to this rule, which explicitly allow interlocutory appeals from non-final orders. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2006) (listing permissible interlocutory appeals). An appeal from

a trial court's granting of a motion for continuance and delay of a trial setting may not be reviewed by interlocutory appeal. *See In re A.J.L.*, No. 02-04-00050-CV, 2004 Tex. App. LEXIS 4993, at *1 (Tex. App.—Fort Worth, June 3, 2004, no pet) (mem. op.); *Lovall v. Yen*, No. 14-01-01108-CV, 2002 Tex. App. LEXIS 354, at *1-3 (Tex. App.—Houston [14th Dist.] Jan. 17, 2002, no pet.) (not designated for publication).

Appellant seeks to appeal from the trial court's order granting a continuance to appellees. We may not consider this complaint in an interlocutory appeal. Therefore, we must dismiss this cause for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: July 6, 2007